# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.

__Danny Nal'a(?)__
Defendant

**ORDER OF DETENTION PENDING TRIAL**

Case Number: __12-20372-4__

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☒ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

__12/6/12__
Date

_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Darryl Dallas Order Denying Defendant's Motion
to Revoke Detention and Ordering Detention

This is a presumption case.

Defendant is a 32 year old single man with three children who was living with his girlfriend prior to his latest conviction. He is self employed as a cab driver, and has worked in this capacity since the age of 18. He admits to smoking marijuana since the age of 14 and using cocaine regularly since the age of 19. He has no assets as has been incarcerated on a state matter in Oakland County since February 2012.

Defendant is charged in this district by way of Fourth Superceding Indictment with Possession with Intent to Distribute More than 5 Kilograms of Cocaine and Conspiracy to Possess with Intent to Distribute Cocaine. Since February 2012 Defendant has been currently incarcerated in the Oakland County Jail, and waived his appearance in federal court at the motion hearing of December 6, 2012. He plead guilty to Weapons, Carrying Concealed-Habitual 4th and Weapons-Firearms-Possession-Habitual 4th and Operating While Intoxicated 2nd on February 15, 2012 and is expected to be released from the Oakland County jail on December 12, 2012. Defendant consented to federal detention on the instant case on August 8, 2012 and is now before the Court requesting that the August 8, 2012 Order of Detention be revoked on the basis that he is not a flight risk. He requests an unsecured bond, with third party custody to his mother, and offers to wear a location monitoring device.

The government argues that Defendant is both a flight risk and a danger to the community. If convicted of the instant charges, Defendant is facing a mandatory life sentence. Defendant is only 32 years old, and he now finds himself looking at the potential of several decades of incarceration. The nature of the instant charges, especially when viewed in combination with his past criminal history, render him a danger to the community.

Defendant's criminal record is multiple pages long. Since 1993 until the present time he has had numerous contacts, no less than 26, with at least 15 convictions for crimes ranging from domestic violence, retail fraud, motor vehicle/felony retail fraud, larceny, CCW, possession of marijuana, offer to engage in prostitution, possession controlled substances (cocaine), attempt disarm police officer, resisting and obstructing, possession controlled substances, delivery/manufacture marijuana, controlled substance (G), controlled substance (F), attempt felony dangerous drugs, controlled substance-delivery/manufacture less than 50 grams, attempt felony burglary, weapons-CCW-concealed-4th, weapons-firearms-possession-habitual 4th, etc.

Since 1997 he has multiple violations of his probation (5 or more) and his parole. He has demonstrated a continuing pattern of unwillingness and/or inability to comply with court orders over the years, he has engaged in a continuing pattern of criminal activity while under supervision. Defendant's narcotic drug usage(cocaine) and his marijuana use remain unabated.

Pretrial Services has recommended detention in its written report.

This Court finds by clear and convincing evidence that this Defendant poses a danger to the community. This Court further finds by a preponderance of the evidence that Defendant poses a risk of flight, as he is a young man who is facing mandatory life sentence in prison. This Court also finds that Defendant has failed to rebut the presumption of detention.

There is no condition or combination of conditions that would assure Defendant's appearance in Court or the safety of the community. Therefore Detention is Ordered, and Defendant's Motion is Denied.